# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00106-CR

**Jeffrey Fields, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. D-1-DC-2004-904170, HONORABLE FRED A. MOORE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The facts and procedural history are well known to the parties and are not in dispute, and therefore, we need not exhaustively detail them here. Jeffrey Fields was found guilty of aggravated assault. *See* Tex. Penal Code Ann. §§ 22.01(a) (defining assault), 22.02(a) (defining aggravated assault in relation to definition of assault found in article 22.01), (West Supp. 2008). Further, the jury concluded that certain enhancement allegations were true and imposed a life sentence as punishment.

On appeal, Fields contends that the district court made the following errors: (1) allowing "Tina White,"[1] the victim in this case, to testify that after Fields assaulted her, he smoked crack; and (2) allowing Eric Wilson, a police officer, to testify regarding a crack pipe found in Fields's motel room. Fields contends that both types of evidence were inadmissible under the

---

[1] Tina White was a pseudonym utilized by the victim in this case.

rules of evidence. *See* Tex. R. Evid. 404(b) (generally stating that evidence of other crimes is not admissible to prove character but also listing certain exceptions to general prohibition). In making his claims, Fields admits that he did not object to the disputed testimony, but he asserts that the admission of the evidence constituted fundamental error and may, therefore, be considered on appeal.

Generally speaking, in order for a complaint to be properly preserved for appellate review, "the record must show that . . . the complaint was made to the trial court by a timely request, objection, or motion." Tex. R. App. P. 33.1. Similarly, the rules of evidence state that a party may not complain regarding the admission of evidence unless a substantial right of the party is affected and "a timely objection or motion to strike appears of record." Tex. R. Evid. 103(a)(1). Requiring specific objections to the admission of evidence advances the policy interests of preventing and correcting errors made during trial, whereas excusing the need for objections leads to the opposite result. *See Saldano v. State*, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002). Accordingly, all "but the most fundamental rights," including some constitutional rights, are forfeited if not pursued by the party during trial. *Id.*; *see* Tex. R. Evid. 103(d) (explaining that in criminal cases, nothing in rules of evidence "precludes taking notice of fundamental errors affecting substantial rights although they were not brought to the attention of the court"). When discussing what constitutes a fundamental right, the court of criminal appeals has explained that violations of the following types of rights may be addressed for the first time on appeal: rights that the legislature has specified may be pursued without objection; rights that are waivable only, such as the right to an attorney; and rights that are

2

systemic requirements necessary for the administration of justice, such as the need for a court to have jurisdiction over a case before ruling on it. *See Saldano*, 70 S.W.3d at 887-88.

The improper admission of evidence during trial does not fall into one of the limited categories of errors that may be addressed on appeal without proper objection. *Id.* at 889 (explaining that failure to object to admission of evidence waives appellate complaints regarding admissibility of that evidence even when evidence addresses constitutional right of defendant). Because Fields failed to object to the introduction of the allegedly improper testimony, he did not preserve a complaint for appeal. *Id.* at 890; *see* Tex. R. App. P. 33.1.

For this reason, we affirm the judgment of the district court.

_____

David Puryear, Justice

Before Justices Patterson, Puryear, and Pemberton

Affirmed

Filed: March 12, 2009

Do Not Publish